MEMORANDUM **
Robert C. Konop petitions pro se for review of the National Transportation Safety Board’s (“Board”) order affirming the administrative law judge’s (“ALJ”) decision that Konop violated 14 C.F.R. § 121.548 and affirming the decision of the Administrator of the Federal Aviation Administration (“FAA”) suspending Konop’s Airline Transport Pilot Certificate. We have jurisdiction under 49 U.S.C. §§ 1153 and 44709(f), and we deny the petition for review in part and dismiss in part.
Substantial evidence supports the ALJ’s finding that the FAA inspector complied with all requirements for admission to the cockpit for the purpose of conducting an en route inspection. See 49 U.S.C. § 1153(b)(3); Vernazza v. S.E.C., 327 F.3d 851, 861 (9th Cir.2003) (explaining that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support its conclusion). Konop presents no compelling reasons for discrediting the ALJ’s credibility determinations. See Andrzejewski v. F.A.A., 548 F.3d 1257, 1260 (9th Cir.2008) (providing that it is proper for the Board to leave undisturbed an ALJ’s credibility finding “unless there is a compelling reason or the finding was clearly erroneous.”). The ALJ’s conclusion that Konop violated section 121.548 of the Federal Aviation Regulations was not arbitrary, capricious or an abuse of discretion. See Janka v. Dep’t of Transp., Nat. Transp. Safety Bd., 925 F.2d 1147, 1149 (9th Cir.1991); Administrator v. Brown, 5 NTSB 553, 554 (1985) (explaining that § 121.548 requires only that an FAA inspector present his credential to trigger requirement that pilot grant inspector free and unlimited access to the cockpit).
The ALJ’s denial of Konop’s request for a change of venue was not arbitrary, capricious or an abuse of discretion, where the ALJ gave due consideration to relevant factors established under the Board’s rules of practice, and Konop failed to explain why the setting of the hearing in San Francisco rather than Sacramento, California, precluded any of his witnesses from testifying on his behalf. See Janka, 925 F.2d at 1149.
We will not review Konop’s contention arising from the ALJ’s denial of Ko-nop’s summary judgment motions, as he received a full hearing on the merits after his motions were denied. See Locricchio v. Legal Seros. Corp., 833 F.2d 1352, 1359 (9th Cir.1987) (holding that the denial of a motion for summary judgment is not reviewable on an appeal from a final judgment entered after a full trial on the merits).
We lack jurisdiction to review Ko-nop’s contentions arising from the ALJ’s *989 denial of his motion for recusal, as Konop failed to raise this issue in his appeal to the Board. See 49 U.S.C. § 1153(b)(4) (“In reviewing an order under this section, the court may consider an objection to an order of the Board only if the objection was made in the proceeding conducted by the Board or if there was a reasonable ground for not making the objection in the proceeding.”); Reid v. Engen, 765 F.2d 1457, 1462 (9th Cir.1985) (declining to rule on issue that petitioner failed to raise before Board where petitioner did not show a reasonable ground for doing so).
Konop’s remaining contentions are unpersuasive.
PETITION FOR REVIEW DENIED in part and DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.